UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re SSA BONDS ANTITRUST           : Civil Action No. 1:16-cv-03711-ER
LITIGATION                          :
                                    : <u>CLASS ACTION</u>
                                    :
This Document Relates To:           : ORDER AWARDING ATTORNEYS'
                                    : FEES, LITIGATION EXPENSES, AND
    ALL ACTIONS.                    : SERVICE AWARDS
                                    :
---------------------------------------------------------x

4845-2089-8012.v1

Co-Lead Counsel's motion for attorneys' fees, litigation expenses, and service awards (the "Fee Request Motion) came before the Court for hearing on April 2, 2021. The Court has considered all papers filed and proceedings held in connection with the above-captioned action, and is fully informed on these matters. Adequate notice having been giving to the Settlement Classes, and having considered all papers and proceedings in these matters, the Court finds, concludes, and orders as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.   This Order incorporates by reference the definitions in each Stipulation and Agreement of Settlement, which were previously filed with the Court ("Stipulations") (ECF Nos. 291-1, 291-2, 554-1), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulations.

2.   The Court has jurisdiction over the subject matter of the Action,[1] and, for purposes of enforcing and administering the Settlements, this Court has jurisdiction over the parties to the Action, including members of the Settlement Classes.

3.   Notice of Co-Lead Counsel's Fee Request Motion was given to potential members of the Settlement Classes in a reasonable manner, and such Notice complies with Rule 23 of the Federal Rules of Civil Procedure, due process requirements, and any other applicable law, as it constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

4.   Members of the Settlement Classes were given the opportunity to object to Fee Request Motion in compliance with Rule 23 of the Federal Rules of Civil Procedure.

---

[1] As defined in the Stipulations, "Action" refers to the above-captioned litigation pending in the United States District Court for the Southern District of New York and any other actions that may be transferred or consolidated into this litigation.

5. The Fee Request Motion is granted as described below.

6. The Court hereby awards attorneys' fees equal to $23,875,000 (25.00% of the total Settlement Amount across the three Settlements) and $4,585,828.62 in payment of litigation expenses, and interest on such attorneys' fees and expenses at the same rate as the earnings in the Settlement Fund, accruing from the inception of each such Fund.

7. In making this award of fees and expenses to Co-Lead Counsel, the Court has considered and found that:

(a) the Settlements have created a fund of $95,500,000 in cash, and numerous members of the Settlement Classes who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlements created by Co-Lead Counsel;

(b) The fee sought by Co-Lead Counsel is fair and reasonable;

(c) The expenses sought by Co-Lead Counsel are reasonable and were necessarily incurred;

(d) Over 26,000 copies of the Notice were disseminated to potential members of the Settlement Classes indicating that Co-Lead Counsel would move for attorneys' fees in an amount not to exceed 33% of the Settlement Amount and for costs, charges and expenses in an amount not to exceed $5 million, plus interest on both amounts, and no objections to the fees or expenses were filed by members of the Settlement Classes;

(e) Co-Lead Counsel has pursued the Action and achieved the Settlements with skill, perseverance, and diligent advocacy, as reflected by the positive reception of the Settlements by the Settlement Classes;

(f) Co-Lead Counsel has expended substantial time and effort pursuing the Action on behalf of the Settlement Classes;

(g) the Action involves complex factual and legal issues and, in the absence of the Settlements, would involve lengthy proceedings whose resolution would be uncertain;

(h) had Co-Lead Counsel not achieved the Settlements, there would remain a significant risk that the Settlement Classes may have recovered less or nothing from Settling Defendants;

(i) public policy concerns favor the award of reasonable attorneys' fees and expenses in class action litigation; and

(j) the amount of attorneys' fees and expenses paid is appropriate to the specific circumstances of this Action, and consistent with awards in similar cases.

8. Settlement Classes representatives (i) Sheet Metal Workers Pension Plan of Northern California, (ii) Iron Workers Pension Plan of Western Pennsylvania, and (iii) Alaska, Department of Revenue, Treasury Division, and Alaska Permanent Fund Corporation are hereby each awarded $10,000 from the Settlement Fund in recognition of their contributions and reasonable expenses related to the action on behalf of the Settlement Classes.

9. This fee, expense, and service award is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlements and is also independent of the Court's consideration of the Plan of Allocation. Any appeal or any challenge affecting this Court's approval regarding the Fee Request Motion shall in no way disturb or affect the finality of the final judgments entered with respect to the Settlements.

10. The fees, expenses, service awards, and interest awarded herein shall be payable from the Settlement Fund upon entry of this order.

11. In the event that any of the Settlements is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of that particular Stipulation, this Order

shall be rendered null and void to the extent provided in that Stipulation and shall be vacated in accordance with that Stipulation.

    IT IS SO ORDERED.

DATED: April 2, 2021

                                              THE HONORABLE EDGARDO RAMOS
                                              UNITED STATES DISTRICT JUDGE